STATE LIVE STOCK SANITARY BOARD and STATE COMMISSION OF GAME AND FRESH WATER FISH, CORPORATIONS, and J. M. LEE, as State Comptroller, v. R. M. SHEETS, individually and as President of Florida Deer Protective Association, a voluntary unincorporated association.

178 So. 901.
Division A.
Opinion Filed January 8, 1938.
On Rehearing February 4, 1938.

42

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *John L. Graham,* Assistant Attorneys General, for Appellants;

*Paul C. Albritton* and *William J. Ray,* for Appellees.

PER CURIAM.—The bill of complaint in this cause prayed for a temporary injunction against the State Live Stock Sanitary Board and State Commission of Game and Fresh Water Fish to restrain them from enforcing Chapter 18548, Chapter 18576, Chapter 18744, and Chapter 18751, Acts of 1937, and against J. M. Lee, as Comptroller, to restrain him from auditing any accounts or issuing any voucher, check, or warrant to appellants or their agents for any compensation or expense incurred by them in enforcing said statutes or any of them. The bill also prayed that the temporary injunction be made permanent on final hearing.

On a preliminary hearing, the court below granted a temporary restraining order from which the instant appeal was prosecuted. A complete transcript of the record was promptly lodged in this Court and appellants moved for a supersedeas on authority of Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963. This procedure was pursued on the theory that only pure questions of law were involved and determination of the question of whether or not the supersedeas

should be granted, would necessarily determine the merits of the case.

The Acts sought to be restrained apply only to limited areas in Glades, Highlands, Orange and Osceola Counties in South Florida and authorize the State Live Stock Sanitary Board and the State Commission of Game and Fresh Water Fish to adopt and promulgate rules and regulations whereby all wild deer may be slaughtered and removed from the areas described in the Acts. The purpose of said Acts, in other words, is to exterminate the deer in said areas because they are said to be hosts for the cattle tick which appellant State Live Stock Board is attempting to exterminate.

It is first contended that the Appellee is not in position to challenge the validity of said Acts, that the titles thereto are defective, and that they embrace more than one subject matter, contrary to Section 16. of Article III of the Constitution, and that said Acts are in other respects contrary to organic law.

The record discloses that the areas described in said Acts are generally wild, unimproved, and unoccupied and that none of said areas are inclosed by a substantial fence or by natural barriers. It is common knowledge that deer migrate from place to place over areas much larger than those described in said Acts, and that there is no way to confine them within the area designated therein nor would it be possible to tell when they were all exterminated from said areas.

It is also common knowledge that when wild deer are molested in one area, they flee to another. The area in question, being limited, if the deer is a host for the cattle tick and the deer in said area are infested, the enforcement of the Acts in question would be a means of infesting other

areas rather than eradicating them from the areas described in the Acts, if that be possible.

In the matter of slaughtering and removing deer, the Acts challenged do not pretend to extend the jurisdiction of the Appellants beyond the defined areas, and it is certain that there are no barriers whatever to confine the deer within the areas defined in the Acts and keep them from migrating into and infecting adjacent areas or to keep deer from adjacent areas migrating into and infecting the areas defined in the Acts.

For these and other reasons not essential to relate, it is shown that the Acts brought in question reveal such an incomplete and ineffective scheme to accomplish the purpose designed that the expenditure of public funds in the administration of them would be a useless waste thereof that could not possibly accomplish any useful purpose.

The judgment below is accordingly affirmed, and the supersedeas denied.

Affirmed.

Ellis, C. J., and Terrell and Buford, J. J., concur.

Whitfield, P. J., and Brown and Chapman, J. J., concur in the opinion and judgment.

### On Petition for Rehearing

Per Curiam.—This appeal was from an interlocutory decree granting a temporary restraining order. On the theory that nothing more than a pure question of law was presented, a complete transcript of the record was lodged in this Court, complainants moved for a supersedeas, and by agreement of the parties, the cause was considered and disposed of on its merits, factual considerations not being presented on the appeal.

It is revealed on rehearing that the case involves very

important factual considerations that were not presented to the lower court nor were they presented to or considered by this Court on the former hearing. For this reason, we agree to recede from our former opinion and reverse the order appealed from with directions to the Court below to reconsider the cause in. the light of the facts presented and make such order or decree as he may be advised.

WHITFIELD, TERRELL, BROWN, BUFORD, and CHAPMAN, J. J., concur.

ELLIS, C. J., not participating in this order.

BUFORD, J. (concurring specially).—I concur in the order of reversal in this cause because I am convinced that the legislative Acts here under attack do not controvert any provisions, or provision, of organic law. I must consider each of such Acts as having been constitutionally passed and the purposes and the provision of each of such Acts to be valid .as within the purview of the exercise of the police power.

The Acts not being obnoxious to the provisions of the organic law, are such as may be enacted by the Legislature and when they are shown to have been lawfully enacted by the Legislature the courts are without power to strike them down.

My view is that the order appealed from should be reversed and the cause remanded to the court below with directions that it be dismissed.